UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FONTAINEBLEAU LAS VEGAS
CONTRACT LITIGATION

| | |
|---|---|
| Avenue CLO Fund, Ltd., et al. v. Sumitomo Mitsui Banking Corporation, et al., S.D. Florida, C.A. No. 1:09-23835 (D. Nevada C.A. No. 2:09-01047) | MDL No. 2106 |

## REMAND ORDER

**Before the Panel:**[*] Pursuant to Rule 10.2, defendant Bank of America, N.A. (BANA) moves to vacate the Panel's order – issued at the suggestion of the transferee judge, the Honorable Alan S. Gold – conditionally remanding this action to the District of Nevada. Responding plaintiffs oppose the motion.[1]

In its motion, BANA essentially raises the same argument that Judge Gold rejected in denying the bank's motion seeking reconsideration of his Suggestion of Remand – *i.e.*, that pretrial proceedings in the MDL – including both fact and expert discovery regarding plaintiffs' alleged damages – have not yet been completed. The judge stated: "[I] do not believe I have obtained any particular expertise from supervising the MDL that would render me more capable than the District of Nevada in presiding over damages discovery. To the contrary, I conclude the central purpose of the JPML referral has been achieved through my orders on motions to dismiss and motions for summary judgment, and it will promote the just and efficient conduct of this action to have any remaining damages discovery supervised by the judge trying the

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Responding plaintiffs are: Avenue CLO IV, Ltd., Avenue CLO V, Ltd., Avenue CLO VI, Ltd., Battalion CLO 2007-I Ltd., Brigade Leveraged Capital Structures Fund, Ltd., Canpartners Investments IV, LLC, Caspian Alpha Long Credit Fund, L.P., Caspian Capital Partners, L.P., Caspian Select Credit Master Fund, Ltd., Genesis CLO 2007-1 Ltd., ING International Senior Bank Loans USD, ING International (II) - Senior Bank Loans Euro, ING International (II) - Senior Bank Loans USD, ING International -Senior Bank Loans Euro, ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd., ING Prime Rate Trust, ING Senior Income Fund, Mariner LDC, Monarch Master Funding Ltd., Scoggin Capital Management II LLC, Scoggin International Fund Ltd, Scoggin Worldwide Fund Ltd, Sola Ltd, Solus Core Opportunities Master Fund Ltd, Veer Cash Flow CLO, Ltd., Venture II CDO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture IX CDO Limited, Venture V CDO Limited, Venture VI CDO Limited, Venture VII CDO Limited, Venture VIII CDO Limited, Vista Leveraged Income Fund, Consol Plaintiffs Cantor Fitzgerald Securities, Olympic CLO I Ltd., SPCP Group, LLC, San Gabriel CLO I Ltd., Shasta CLO I Ltd., Sierra CLO II Ltd., Venor Capital Master Fund, Ltd., and Whitney CLO I Ltd.

- 2 -

case, in conjunction with trial-related issues and pleadings."[2] *See* Order Den. Mot. Recons., at 2 (S.D. Fla. Sept. 9, 2013) (No. 1:09-md-02106) (ECF No. 366).

After considering all argument of counsel, we will deny BANA's motion. In assessing the question of Section 1407 remand, we assign great weight to the transferee judge's determination that remand of a particular action (or actions) is appropriate, given that he or she supervises the day-to-day pretrial proceedings.[3] We find no reason not to accord such weight to Judge Gold's considered Suggestion here. We adopt the reasoning quoted above.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is remanded to the District of Nevada.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro                    Charles R. Breyer
Sarah S. Vance                       Ellen Segal Huvelle

---

[2] As the judge correctly noted, Section 1407 does not require that all pretrial proceedings be completed prior to remand. *See* 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel *at or before* the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . .") (emphasis added).

[3] *See, e.g., In re: Columbia/HCA Healthcare Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008) ("'In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.'") (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re: Light Cigarettes Mktg. & Sales Practices Litig.*, 856 F. Supp. 2d 1330 (J.P.M.L. 2012) (denying motion to vacate conditional remand order filed upon issuance of transferee judge's suggestion of remand).